to the property and its use in later proceedings.

Accordingly, the Court of Federal Claims dismissed Ms. Duszak's takings claim for lack of subject matter jurisdiction. In addition, the Court of Federal Claims, in the interest of justice, transferred Ms. Duszak's claim to the United States District Court for the Western District of Pennsylvania under 28 U.S.C. § 1631.

## DISCUSSION

 In general, "a transfer order is interlocutory and thus not immediately appealable, but appealable only incident to a final judgment in a case … or as a certified question pursuant to 28 U.S.C. § 1292(b)." *FDIC v. Maco Bancorp, Inc.,* 125 F.3d 1446, 1447 (Fed.Cir.1997). This court, however, has limited jurisdiction to review transfer orders under 28 U.S.C. § 1292(d)(4)(A). This statute provides, in pertinent part:

> The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal *from* an interlocutory order of a district court of the United States … granting or denying, in whole or in part, a motion to transfer an action *to* the United States Court of Federal Claims under [28 U.S.C.] section 1631. …

28 U.S.C. § 1292(d)(4)(A) (emphases added).

Here, the Court of Federal Claims neither issued a final determination nor did it certify a question of law with regard to Ms. Duszak's claim. Moreover, the Court of Federal Claims' order to transfer does not fall within the ambit of 28 U.S.C. § 1292(d)(4)(A) because the explicit language of this provision states that the section 1631 transfer must be to the Court of Federal Claims not from that court.

In the alternative, Ms. Duszak urges this court to view her appeal as a writ of mandamus under 28 U.S.C. § 1651. A writ of mandamus is an extraordinary measure requiring the petitioner to prove "that it lacks adequate alternative means to obtain the relief sought." *In re Pioneer Hi–Bred Int'l, Inc.,* 238 F.3d 1370, 1373 (Fed.Cir.2001) (quotation omitted). Here, Ms. Duszak is unable to demonstrate the requisite extraordinary circumstances where she has available to her Fed. R.Crim.P. 41(g) with which to seek the return of her allegedly seized possessions.

## CONCLUSION

Because the Court of Federal Claims' transfer order is interlocutory in nature and does not fall within any recognized exceptions for review, this court lacks jurisdiction. Accordingly, Ms. Duszak's appeal is *dismissed.*

**Steven DANIELS, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 04–5072.

United States Court of Appeals, Federal Circuit.

Aug. 3, 2004.

Steven Daniels, of Counsel, Duquesne, PA, pro se.

## ORDER

On July 7, 2004, the court issued an order allowing Steven Daniels ("Daniels") 21 days to show cause why his appeal should not be dismissed as untimely. Daniels has failed to respond.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) This appeal is hereby dismissed.

(2) Each side shall bear its own costs.